# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| STEPHEN GEORGE STERNER, SR., | ) |
| | ) Case No. 2:18-cv-159 |
| *Plaintiff*, | ) |
| | ) Judge Travis R. McDonough |
| v. | ) |
| | ) Magistrate Judge Cynthia R. Wyrick |
| TRANS UNION, EQUIFAX, AND EXPERIAN, | ) |
| | ) |
| *Defendants*. | ) |

## MEMORANDUM OPINION

Before the Court are Defendant Experian Information Solutions, Inc.'s ("Experian") motion for summary judgment (Doc. 20) and its motion to dismiss for failure to prosecute and failure to comply with a Court order (Doc. 26).[1] For the following reasons, Experian's motion to dismiss (Doc. 26) will be **GRANTED**, and its motion for summary judgment (Doc. 20) will be **DENIED AS MOOT**.

## I. PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, initiated this action on September 20, 2018. (Doc. 2.) Plaintiff filed his complaint against Experian, Equifax Information Services, LLC ("Equifax"), and TransUnion. (*Id.* at 2.) Though his complaint is somewhat unclear, Plaintiff's claims seem to stem from alleged problems with his credit report. (*Id.* at 5.) Plaintiff alleged that he and the various defendants agreed "to add true and accurate information" and that defendants failed to comply with this agreement because "the information was wrong and really damaging to [him]

---

[1] Plaintiff has not responded to either motion, despite the Court's order to respond to the motion to dismiss. (*See* Doc. 31.)

buying a home, car or anything else."[2] (*Id.*)  In his prayer for relief, Plaintiff requests $5,000,000 in damages from Experian and the correction of his credit report, claiming he is entitled to such relief "under the Fair Reporting Act."  (*Id.*)

Plaintiff attached to his complaint a letter he had written to Experian, dated May 7, 2018, in which he requested that Experian fix the problems he had with his credit report, claiming that Experian had incorrect information and that another entity, Newport Hospital, had improperly combined Plaintiff's account with his son's account.  (Doc. 2-2, at 1.)  Plaintiff also stated in his letter that he was exercising his rights under the Federal Privacy Act and included information regarding other federal laws.[3]  (*Id.* at 1–6.)

On January 14, 2019, the Court ordered Plaintiff to show cause as to why his claims against Equifax and TransUnion should not be dismissed under Federal Rule of Civil Procedure 4(m), as they had not appeared and the record lacked evidence that either of them had been served.[4]  (Doc. 11, at 1–2.)  On January 25, 2019, Plaintiff filed a motion to amend and address the Defendants' counsel.  (*See* Doc. 12.)  In this filing, Plaintiff listed certain constitutional rights

---

[2] Plaintiff's statement of his claim, in its entirety, reads:

> The plaintiff, *(name)* <u>Stephen George Sterner Sr.</u>, and the defendant, *(name)* <u>Experian, Equifax, TransUnion</u>, made an agreement or contract on *(date)* _____.  The agreement or contract was *(oral or written)* _____.  Under that agreement or contract, the parties were required to *(specify what the agreement or contract required each party to do)* <u>to [sic.] add true and accurate information</u>.  The defendant failed to comply because *(specify what the defendant did or failed to do that failed to comply with what the agreement or contract required)* <u>the information was wrong and really damaging to me buying a home, car or anything else</u>[.]  The plaintiff has complied with the plaintiff's obligations under the contract.

(Doc. 2, at 5.)

[3] The majority of Plaintiff's letter appears to have been copied verbatim from an internet article. *See* Neal Frankle, *Four Laws You Can Use to Fix Your Credit*, Credit Pilgrim, https://creditpilgrim.com/laws-fix-credit/.

[4] Though nothing in the record indicates that Experian was ever served, Experian answered the complaint on December 18, 2018.  (*See* Doc. 10.)

2

to which he believed himself entitled, and informed the Court of: (1) his desire to have the court and a jury to decide the case; (2) his belief that the credit bureaus include information in credit reports without checking the accuracy of that information; (3) his lack of knowledge regarding the addresses of the nonresponsive defendants and why they had not answered the complaint; and (4) his belief that "there is no company that will admit to wrongful doing." (*Id.* at 1–2.) On February 1, 2019, finding Plaintiff had not shown good cause for his failure to timely serve Equifax and TransUnion, the Court dismissed Plaintiff's claims against those defendants without prejudice, pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 13, at 1.)

On October 28, 2019, Experian filed a motion for summary judgment on all of Plaintiff's claims (Doc. 20). Plaintiff did not respond to the motion. In its memorandum of law accompanying the motion, Experian represents that Plaintiff neither served nor responded to any discovery.[5] (Doc. 21, at 3.) Experian further represents that Plaintiff has not served his initial disclosures, identified any expert witnesses, or provided a final witness list. (*Id.*)

On January 13, 2020, Experian filed a motion to dismiss for failure to prosecute and failure to comply with a court order (Doc. 26). In connection with this motion, Experian again emphasized that Plaintiff: (1) failed to serve initial disclosures, in violation of Federal Rule of Civil Procedure 26 and the Court's scheduling order (Doc. 14); (2) failed to object to or respond to any of Experian's written discovery, in violation of Federal Rules of Civil Procedure 26, 33, 34, and 36; (3) failed to identify any expert witnesses; (4) failed to provide a final witness list, in

---

[5] Experian includes several exhibits that concern discovery with its motion for summary judgment. (*See generally* Doc. 23.) These exhibits show that on August 23, 2019, Plaintiff was sent three sets of discovery requests via U.S. mail and email. (*See id.* at 65, 69.) Plaintiff responded to the email the same day, indicating his willingness to comply with some of the requests, but calling others "downright stupid." (*Id.* at 68.) Though Plaintiff later apologized and Experian expressed willingness to consent to a thirty-day response extension (*see id.* at 71, 73–74), Plaintiff never responded to the requests (*see id.* at 76; Doc. 21, at 3 n.3.)

violation of Federal Rule of Civil Procedure 26 and the Court's scheduling order; (5) failed to serve pretrial disclosures in violation of Federal Rule of Civil Procedure 26 and the Court's scheduling order; and (6) failed to oppose or respond to Experian's motion for summary judgment. (Doc. 27, at 1–3.)

On January 14, 2020, the Court ordered Plaintiff to file a response to Experian's motion to dismiss on or before January 24, 2020. (Doc. 31, at 2.) In the order, the Court put Plaintiff on notice that his failure to timely respond and show good cause could result in the dismissal of his claims with prejudice. (*Id.*) Nevertheless, Plaintiff has neither filed anything with the Court nor otherwise appeared since January 25, 2019.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss an action or any claim against it for a plaintiff's failure to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. Dismissal pursuant to Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT&T Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citations and internal quotation marks omitted). In addition, Local Rule 83.13 states that a party not represented by counsel has a duty "to monitor the progress of the case[] and to prosecute or defend the action diligently." E.D. Tenn. L.R. 83.13 (also stating that "[p]arties proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and these rules.") Moreover, "[t]he failure of a *pro se* plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action." *Id.*

4

## III. ANALYSIS

The Sixth Circuit examines four factors in determining whether dismissal of an action under Rule 41(b) is appropriate: (1) "whether the party's failure is due to willfulness, bad faith, or fault"; (2) "whether the adversary was prejudiced by the dismissed party's conduct"; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Dismissal is generally proper "where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

### A. Willfulness, Bad Faith, or Fault

"To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)) (alteration in original). With regard to this factor, dismissal is generally inappropriate "where the neglect is solely the fault of the attorney." *Carter*, 636 F.2d at 161 (reversing the district court's dismissal where the plaintiff himself was "blameless").

Here, Plaintiff's failure to comply with a single order of this Court since filing the case shows at the very least a reckless disregard for the effect of his conduct on these proceedings. Most recently, the Court directly ordered Plaintiff to respond to Experian's motion to dismiss, informing him that the failure to do so could subject his claims to dismissal. (*See* Doc. 31, at 2.) However, even after having his claims against the other Defendants dismissed for his failure to

5

adequately comply with a court order, Plaintiff chose to ignore the Court's most recent order.

Further, because Plaintiff is representing himself in this action and has dealt with the Court and

counsel for Experian directly, his unwillingness to cooperate in discovery or comply with the

Court's orders is entirely attributable to him. Accordingly, this factor weighs in favor of

dismissal. *See Mager*, 924 F.3d at 840.

### B. Prejudice to Experian

Experian argues that it has been significantly prejudiced by Plaintiff's failure to respond

to discovery and failure to comply with the Court's scheduling order. (*See* Doc. 27, at 5.) It

contends that it is unable to prepare defenses to any of Plaintiff's potential claims because

Plaintiff has failed to identify any witnesses, documents, or exhibits he intends to present at trial.

(*Id.*) The Court agrees that Experian would be prejudiced if the case were to proceed. Experian

has complied with this Court's orders, including the scheduling order, despite Plaintiff's lack of

cooperation. (*See id.* at 2–3.) At this point in the litigation, the only remaining dates and

deadlines in this case are those for the filing of jury instructions, the final pretrial conference, and

trial. (*See* Doc. 14.) All opportunities for Plaintiff to notify Experian of any evidence he would

put on at trial has passed. Moreover, Plaintiff's complaint does not even make clear what claims

he is asserting against Experian. Therefore, Experian would be severely prejudiced were this

case to proceed to trial, and this factor weighs in favor of dismissal.

### C. Prior Notice

The Sixth Circuit has observed that whether the dismissed party was warned that failure

to cooperate could lead to dismissal is a "key consideration" in the analysis. *See Schafer v. City

of Defiance Police Dep't*, 529 F.3d 731, 740 (6th Cir. 2008). Here, Plaintiff was clearly put on

notice that his failure to cooperate could result in dismissal of his claims. First, Plaintiff already

had his claims dismissed against Equifax and TransUnion for his failure to comply with an order of this Court and the Federal Rules of Civil Procedure. (*See* Doc. 13.) Additionally, Plaintiff was put on notice that his claims could be subject to dismissal at the time Experian filed its motion to dismiss for failure to prosecute and failure to comply with a Court order and the accompanying memorandum of law. (*See* Docs. 26, 27.) And, finally, Plaintiff was directly told that his failure to respond to Experian's motion to dismiss and show good cause could result in the dismissal of his claims with prejudice. (*See* Doc. 31.) Therefore, Plaintiff was indisputably on notice that his failure to respond or otherwise cooperate with the Court's order could result in dismissal, and this factor supports dismissal. *See Schafer*, 529 F.3d at 740.

### D. Appropriateness of Other Sanctions

Before ordering dismissal under Rule 41(b), a district court should consider whether less drastic sanctions would be appropriate. *See Knoll*, 176 F.3d at 363; *see also Carter*, 636 F.2d at 161 ("The sanction of dismissal is appropriate only if the attorney's dilatory actions amounted to failure to prosecute and no alternative sanction would protect the integrity of pre-trial procedures."). Here, the Court has considered other sanctions but finds that no other sanction would reflect the seriousness of Plaintiff's noncompliance or shield Experian from prejudice and unnecessary expense.

At the time Experian filed its motion to dismiss, the deadlines for initial disclosures, amendment of pleadings, disclosure of expert testimony, service of final witness lists, discovery, dispositive motions, *Daubert* motions, pretrial disclosures, and motions in limine had already passed. (*See* Doc. 14.) Counsel for Experian avers and the record reflects that Plaintiff has not complied with any of these deadlines. (*See* Doc. 21, at 3; Doc. 29, at 1–2.) Plaintiff has not shown any effort to prepare for trial. Were the Court to order some lesser sanction and the case

7

were to proceed to trial, there is no reason to believe that Plaintiff would present any evidence to support his claims. Meanwhile, Experian has expended time and resources in defending this action, although Plaintiff's unresponsiveness has made it difficult for it to prepare for trial. (*See* Doc. 28, at 2–3.) Accordingly, this factor, too, weighs in favor of dismissal.

The Court finds that there is "a clear record of delay or contumacious conduct by the plaintiff" in this case. *See Carter*, 636 F.2d at 161. Plaintiff has ignored the requests of Experian and the orders of this Court on numerous occasions. Despite being ordered to respond to Experian's motion and being forewarned about the consequences of his failure to do so, Plaintiff has once again refused to fulfill his obligations and has given the Court no reason why his claims should not be dismissed pursuant to Rule 41(b). The Court determines that dismissal of Plaintiff's claims with prejudice is warranted.

## IV. CONCLUSION

For the reasons stated herein:

1. Experian's motion to dismiss for failure to prosecute and failure to comply with a Court order (Doc. 26) will be **GRANTED**;

2. Plaintiff's claims against Experian will be **DISMISSED WITH PREJUDICE**;

3. Experian's motion for summary judgment (Doc. 20) will be **DENIED AS MOOT**; and

4. The Clerk will be **DIRECTED** to close the case.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**